# 22-0122-BK(L),

## 22-0124-BK(CON)

**IN THE**

## United States Court of Appeals

### FOR THE SECOND CIRCUIT

IN RE: KOSSOFF PLLC,

Debtor.

MITCHELL H. KOSSOFF,

*Appellant,*

– v. –

ALBERT TOGUT, not individually but solely in his capacity as the Chapter 7 Trustee of Kossoff PLLC,

*Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## APPELLEE'S BRIEF

NEIL BERGER (neilberger@teamtogut.com)

**TOGUT, SEGAL & SEGAL LLP**
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

*Counsel to Appellee Albert Togut, not individually
but solely in his capacity as Chapter 7 Trustee of
Kossoff PLLC*

**Table of Contents**

PRELIMINARY STATEMENT ................................................................ iii

STATEMENT OF JURISDICTION ......................................................... 4

STATEMENT OF THE ISSUES .............................................................. 6

STATEMENT OF THE CASE ................................................................. 6

   I.     The Chapter 7 Case ............................................................. 6

   II.    The Designation Order and Related Filings ............................... 8

   III.   The Order to Compel ........................................................... 9

   IV.  The District Court Rejects Kossoff's Appeal of the Order to Compel..... 11

   V.    The Contempt Order ........................................................... 12

   VI.   Appeal of the Submissions Order and the Contempt Order ................... 15

   VII.  Events Subsequent to the Entry of the Contempt Order........................... 18

   VIII. The Instant Appeal ............................................................ 20

STANDARD OF REVIEW ..................................................................... 21

SUMMARY OF ARGUMENT ................................................................. 22

ARGUMENT........................................................................................... 25

   I.     Appellant's Appeal to the Second Circuit Is Moot ................................. 25

   II.    Appellant's Failure to Comply with the Requirements of
        Appellate Rule 28(a) Warrants Dismissal of His Appeal........................ 27

   III.   The District Court's Dismissal Order Should Be Affirmed .................... 31

     A.  The District Court Had Authority to Dismiss Kossoff's Appeal
        Sua Sponte ....................................................................... 32

     B.  The District Court Was Correct to Determine That It Is Unmistakably
        Clear that the Appeal Was Moot .......................................... 34

   IV.  The District Court's Reconsideration Order Should be Affirmed............ 37

V.    Though Appellant Seeks Relief from the Bankruptcy Court's Orders, His Appeal from the Bankruptcy Court's Orders Should Be Denied for Lack of Jurisdiction ................................................................................. 44

CONCLUSION ................................................................................. 47

CERTIFICATE OF COMPLIANCE.................................................. 48

# TABLE OF AUTHORITIES

**Cases**

*American Grain Ass'n v. LEE-VAC, Ltd.,*
630 F.2d 245 (5th Cir. 1980) .............................................................................. 34

*Analytical Surveys, Inc. v. Tonga Partners, L.P.,*
684 F.3d 36 (2d Cir. 2012) ................................................................................. 43

*ANZ Sales, Inc. v. Bank of Baroda (In re Indu Craft, Inc.),*
630 F. App'x. 27 (2d Cir. 2015) ................................................................... passim

*Atl. Specialty Ins. Co. v. Coastal Env't. Grp. Inc.,*
945 F.3d 53 (2d Cir. 2019) ................................................................................. 40

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed
Care, L.L.C.,*
433 F.3d 181 (2d Cir. 2005) ............................................................................... 32

*Coalition on W. Valley Nuclear Wastes v. Chu,*
592 F.3d 306 (2d Cir. 2009) ............................................................................... 36

*Continental Tech. Servs., Inc. v. Rockwell Int'l Corp.,*
937 F.2d 1998 (11th Cir. 1991) .......................................................................... 29

*Corpac v. Rubin & Rothman,*
10 F. Supp. 3d 349 (E.D.N.Y. 2013) .................................................................. 42

*Corsair Special Situations Fund, L.P. v. Nat'l Res.,*
595 F. App'x. 40 (2d Cir. 2014) ......................................................................... 42

*Devlin v. Transp. Commc'ns Int'l Union,*
175 F.3d 121 (2d Cir. 1999) ............................................................................... 22

*Doe v. Moore,*
410 F.3d 1337 (11th Cir. 2005) .......................................................................... 29

*Ernst Haas Studio, Inc. v. Palm Press, Inc.,*
164 F.3d 110 (2d Cir. 1999) ............................................................... 23, 27, 29, 30

*Fitzgerald v. First E. Seventh St. Tenants Corp.,*
221 F.3d 362 (2d Cir. 2000) ............................................................................... 32

iii

*Fund for Animals v. Babbitt,*
  89 F.3d 128 (2d Cir. 1996) ................................................................. 21

*Glicksman v. N.Y. City Envtl. Control Bd.,*
  345 F. App'x. 688 (2d Cir. 2009) ....................................................... 36

*Gonzalez v. Thaler,*
  565 U.S. 134 (2012) ........................................................................... 5

*Gross v. Rell,*
  585 F.3d 72 (2d Cir. 2009) ................................................................. 36

*In re Anderson,*
  884 F.3d 382 (2d Cir. 2018) ............................................................... 21

*In re Baker,*
  No. 05-Civ-3487, 2005 WL 2105802 (E.D.N.Y. Aug. 31, 2005) ....................... 43

*In re Chateaugay Corp.,*
  10 F.3d 944 (2d Cir. 1993) ................................................................. 23

*In re Gould,*
  790 F. App'x. 340, 341 (2d Cir. 2020) ................................................. 45

*In re Grand Jury Subpoena Issued June 18, 2009,*
  593 F.3d 155 (2d Cir. 2010) ............................................................... 38

*In re M/V Rickmers Genoa Litig.,*
  643 F. Supp. 2d 553 (S.D.N.Y. 2009) ................................................. 37

*In re Miner,*
  229 B.R. 561 (B.A.P. 2d Cir. 1999) ................................................... 24

*Moore v. Time, Inc.,*
  180 F.3d 463 (2d Cir. 1999) ............................................................... 30

*Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,*
  429 U.S. 274 (1977) ........................................................................... 32

*Nakshin v. Holder,*
  360 F. App'x. 192 (2d Cir. 2010) ....................................................... 24

iv

*Norton v. Sam's Club,*
    145 F.3d 114 (2d Cir. 1998) .................................................................... 36, 39

*Off. Comm. Of Unsecured Creditors of LTV Aerospace & Def. Co. v. Off. Comm.*
    *Of Unsecured Creditors of LTV Steel Co. (In re Chateaugay Corp.),*
    988 F.2d 322 (2d Cir. 1993) ................................................ 23, 25, 32, 34

*Pacific Ins. Co. v. General Development Corp.,*
    28 F.3d 1093 (11th Cir. 1994) ............................................. 2, 23, 25, 32

*Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.,*
    866 F.2d 228 (7th Cir. 1988) .................................................................... 40

*Persico v. Cassadei,*
    2021 WL 5500089 (2d Cir. Nov. 24, 2021) ....................................... 45

*PHL Variables Inc. Co. v. Town of Oyster Bay,*
    929 F.3d 79 (2d Cir. 2019) ...................................................................... 45

*Pilay v. I.N.S.,*
    45 F.3d 14 (2d Cir. 1995) ......................................................................... 32

*RJE Corp. v. Northville Indus. Corp.,*
    329 F.3d 310 (2d Cir. 2003) .................................................................... 22

*Sea Greens Holdings, LLC v. Anegra,*
    2018 WL 5849890 (2d Cir. Oct. 3, 2018) ........................................... 45

*Shrader v. CSX Transp. Inc.,*
    70 F.3d 255 (2d Cir. 1995) ............................................................. passim

*Speer v. Clipper Realty Trust (In re Speer),*
    771 F. App'x. 25 (2d Cir. 2019) ..................................................... 21, 22

*Taylor v. Harbour Pointe Homeowners Ass'n,*
    690 F.3d 44 (2d Cir. 2012) ...................................................................... 30

*Terry v. Incorporated Village of Patchogue,*
    826 F.3d 631 (2d Cir. 2016) .................................................................... 29

*Tolbert v. Queens College,*
    242 F.3d 58 (2d Cir. 2001) ...................................................................... 30

*U.S. v. Huntington Nat'l Bank,*
   574 F.3d 329 (6th Cir. 2009) ........................................................ 37, 41

*United States v. Fell,*
   531 F.3d 197 n.25 (2d Cir. 2008) ...................................................... 36

*United States v. Kerik,*
   615 F. Supp. 2d 256 (S.D.N.Y. 2009) ............................................... 43

*Virgin Atl. Airways Ltd. v. National Mediation Bd.,*
   956 F.2d 1245 (2d Cir. 1992) ............................................................ 38

**Statutes**

11 U.S.C. § 341 ............................................................................... 9, 18

28 U.S.C. § 158(a)(1) .......................................................................... 4

28 U.S.C. § 1291 ................................................................................. 5

28 U.S.C. § 1334 ................................................................................. 4

**Rules**

Fed. R. App. P. 3(c)(1)(B) ................................................................. 45

Fed. R. App. P. 6(b)(1)(A) ................................................................. 27

Fed. R. App. P. 28 ......................................................................... 27, 35

Fed. R. App. P. 28(a)(4) ..................................................................... 28

Fed. R. App. P. 28(a)(4)(D) ............................................................... 28

Fed. R. App. P. 28(a)(5) ..................................................................... 27

Fed. R. App. P. 28(a)(8)(A) ............................................................... 29

Fed. R. App. P. 28(a)(8)(B) ............................................................... 28

Fed. R. Bankr. P. 8002 .................................................................. 42, 46

Fed. R. Bankr. P. 8018 ....................................................................... 35

Second Circuit Local Rule 28.1(a) ..................................................... 30

# PRELIMINARY STATEMENT[1]

This appeal arises out of an involuntary Chapter 7 bankruptcy case that was commenced against a PLLC law firm.  It had only one member, Mitchell H. Kossoff ("Appellant" or "Kossoff"), who was the only person who controlled the Debtor's bank accounts.  He stole millions of dollars from the Debtor law firm's trust and other accounts.

This appeal is mystifying.  The Manhattan District Attorney (the "DA") seized the Debtor's books and records before the bankruptcy began, Kossoff was negotiating with the DA at the time of the Trustee's appointment, Kossoff pled guilty to his crimes, and he is now serving a sentence, having been incarcerated.

The bankruptcy case in no way impacted Kossoff's guilty plea.  While the DA was investigating Kossoff's crimes, the DA refused to engage with the Trustee, share any of the books and records he had seized, or otherwise share any information developed as a result of the DA's investigation.  Nor did the Trustee share anything he learned with the DA.  The DA was pursuing a criminal prosecution.  The Trustee was only interested in being able to administer the bankruptcy estate to try to recover monies improperly taken and paid to third

---

[1] Capitalized terms used but not defined in this Preliminary Statement shall have the meanings given to them later in this brief.

parties.  One was entirely civil.  The other was entirely criminal, and their paths did not cross.

In this appeal, Kossoff is complaining that his rights were violated by the Trustee but it is difficult to see how that was even possible.  Kossoff *voluntarily* admitted to his crimes.  Nothing that the Trustee did or could have learned was used against him, and as a result, his rights were not taken away from him.

So that raises the question:  what is the point of this appeal?  Given Kossoff's guilty plea, voluntarily made, even if this Court were to somehow find that the Bankruptcy Court acted improperly, it will have no effect on the criminal proceedings.  Having pleaded guilty, Kossoff will still be incarcerated and have to serve out his term.  For the reasons set forth by the District Court and in light of subsequent developments in the Chapter 7 Case and Appellant's criminal case, the Appeal no longer presents a live controversy for which this Court could give meaningful relief.  *See Pac. Ins. Co. v. Gen. Dev. Corp.,* 28 F.3d 1093, 1096 (11th Cir. 1994).  Thus, this appeal is a monumental waste of judicial time and the limited resources of the bankruptcy estate.  This is just the latest example of Kossoff showing no remorse for the injury he has done to his former's law firm's clients who have lost approximately $18 million.

In his appellate submission, Appellant paints himself as the injured party, ignoring all of the damage that he has done to his employees and clients.  In

2

stealing escrowed money to further his own interests, he not only hurt numerous trusting and unsuspecting creditors, clients, and employees of the Debtor, he also tarnished the legal profession. He admitted on the record that he was and still is in civil contempt for his failure to fully comply with the orders of the Bankruptcy Court, including the Designation Order from which he never appealed.

Virtually all of Appellant's time was spent on matters with the DA. He showed no remorse for his crimes and refused to cooperate with the Trustee in limiting the damage he had done, even though the Trustee sought Appellant's help only in his representative capacity.

Rather than help the Trustee recover money, he did the opposite. And to make matters worse, he caused the estate to incur tremendous litigation expenses in having to litigate with Kossoff over virtually everything. He forced the Trustee to go through very expensive and time-consuming litigation to obtain the most basic information concerning the Debtor. Appellant fought the Trustee at every turn. He only responded to the Trustee when he was forced by a court to do so. To this day, Appellant continues to withhold important documents and information under claims of privilege even when he knows that such information could help the victims of his reckless crimes.

The delay caused by Appellant's resistance could prove costly. Many of the fraudulent transfers that he orchestrated go back several years, and statutes of

limitation are running.  By the time that the Trustee can pursue some of the transfers, he may be time-barred.

With this appeal (the "Appeal"), Appellant, who has more than once admitted that he is in contempt, *see* Reconsideration Motion at 1 (Supp. App'x. at 1);  Docket No. 13 (21-CV-9938) at 1, purports to challenge the District Court's dismissal of his Contempt Order challenge and its subsequent refusal to reconsider the dismissal.

Virtually all of Appellant's arguments flow from his admitted failure to comply with the Bankruptcy Court's Designation Order which is now final.  This Court need not look behind that final order.

## STATEMENT OF JURISDICTION

The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over the Debtor's Chapter 7 Case (defined below) pursuant to 28 U.S.C. § 1334 (bankruptcy cases and proceedings) and 28 U.S.C. § 157(b) (bankruptcy procedures).

Pursuant to 28 U.S.C. § 158(a)(1) (bankruptcy appeals), the United States District Court for the Southern District of New York (the "District Court") had jurisdiction over the Appellant's appeal from the Bankruptcy Court's *Order Inviting but Not Requiring Possible Limited Submissions by 3:00 p.m. November 19 Regarding Relief Sought by Trustee's Pending Motion to Hold Mitchell H.*

*Kossoff in Civil Contempt* [Bankr. Docket No. 282] (the "Submissions Order")
(App'x. at 250) and *Decision and Order Holding Mitchell H. Kossoff in Civil
Contempt and Imposing Incarceration as Coercive Sanction Unless Kossoff Purges
His Contempt by November 30, 2021* [Bankr. Docket No. 284] (the "Contempt
Order") (App'x. at 288).

On December 21, 2021, the District Court *sua sponte* entered orders
dismissing the appeals (together, the "Dismissal Order"). (Special App'x. at 1).
The District Court subsequently entered orders denying Appellant's request to
reconsider those dismissals (together, the "Reconsideration Order"). (App'x. at 5).

On January 19, 2022, Appellant filed two notices of appeal (together, the
"Notices of Appeal") seeking to appeal the Dismissal Order and the
Reconsideration Order. (App'x. at 313); Docket No. 15 (21-CV-9924).

Pursuant to 28 U.S.C. § 1291, the United States Court of Appeals for the
Second Circuit (the "Court") has jurisdiction to review the Dismissal Order and the
Reconsideration Order. However, this Court lacks jurisdiction to consider orders
that were not mentioned in the Notices of Appeal. *See, e.g., Shrader v. CSX
Transp. Inc.,* 70 F.3d 255, 256 (2d Cir. 1995); *see also Gonzalez v. Thaler,* 565
U.S. 134, 147 (2012). Thus, to the extent that Appellant now seeks relief regarding
other orders by the Bankruptcy Court or the District Court, this Court lacks
jurisdiction over those components of this appeal. *See Shrader*, 70 F.3d at 256.

## STATEMENT OF THE ISSUES

(1)   Whether Appellant's Appeal to this Court is moot.

(2)   Whether the Court should dismiss Appellant's appeal because of his failure to comply with Rule 28 of the Federal Rules of Appellate Procedure (the "Appellate Rules").

(3)   Whether the District Court correctly dismissed the Appeal as moot after declining to stay the Bankruptcy Court's Contempt Order pending appeal.

(4)   Whether the District Court abused its discretion by denying Appellant's Reconsideration Motion.

(5)   Whether this Court has jurisdiction to consider the Bankruptcy Court's Designation Order and Order to Compel as part of this Appeal.

## STATEMENT OF THE CASE

### I.   The Chapter 7 Case

On April 13, 2021 (the "Petition Date"), creditors of the Debtor (the "Petitioning Creditors") filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Involuntary Petition") against the Debtor in the Bankruptcy Court in the Chapter 7 case (the "Chapter 7 Case").

Prior to the Petition Date, the Debtor operated as a law firm in New York City, New York, and serviced clients in the real estate industry.  *See* Bankr. Docket No. 26-4 ¶ 10.[2]  The Debtor held itself out as providing full-service real estate legal

---

[2]   References to "Bankr. Docket No. __" refer to the docket of the Chapter 7 Case, Case No. 21-10699 (DSJ) (Bankr. S.D.N.Y.).

6

services.  *See id*.  Appellant is the sole member of the Debtor and he had sole

control over the Debtor's financial affairs.  *See, e.g., id.* at ¶ 11.  He has conceded

this on multiple occasions, including many times in his brief herein.  *See, e.g.,*

Bankr. Docket No. 30;  Appellant's Brief at 1-2.  Indeed, though he now asserts

that there was no reason to designate him as the responsible officer of the Debtor,

*see* Appellant's Brief at 2, he had once maintained quite the opposite, stating to the

Bankruptcy Court that Appellant "alone would be the only person to properly

identify, collect, describe and submit documents to the Bankruptcy Court or its

Trustee."  Bankr. Docket No. 30 at 3.

The Petitioning Creditors are clients of the Debtor and together assert claims

for "Unreturned IOLA Funds" and "Misappropriated IOLA Funds" totaling

approximately $8 million [Bankr. Docket No. 1].  Other former clients have

asserted similar claims against the Debtor, such that known claims for missing

escrow funds total approximately $18 million.  Claims filed in the Debtor's

Chapter 7 Case exceed $20 million.

The Debtor did not appear in response to the Involuntary Petition, and on

May 11, 2021, the Bankruptcy Court entered the *Order for Relief and Order to

File Schedules and Other Documents* [Bankr. Docket No. 14] (the "Order for

Relief"), which directed the Debtor to file "all schedules, statements, lists and other

documents that are required under the Federal and Local Rules of Bankruptcy

7

Procedure" no later than May 25, 2021. *See* Bankr. Docket No. 14.

On May 12, 2021, Appellee was appointed as the Chapter 7 Interim Trustee of the Debtor, accepted his appointment, and duly qualified. *See* Bankr. Docket No. 15.

## II.     **The Designation Order and Related Filings**

Early in the Chapter 7 Case, on June 25, 2021, following extensive and costly motion practice and a hearing, *see* Bankr. Docket Nos. 36, 80, 80-1, 86, and 89, the Bankruptcy Court entered the *Order Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor* [Bankr. Docket No. 93] (the "Designation Order") (App'x. at 17), which provides that "Kossoff is designated as the person responsible for performing the Debtor's duties in this case . . . ."[3]  (App'x. at 18).

The Designation Order provides, among other things, that "pursuant to Bankruptcy Rule 9001(5), Kossoff is designated as the person responsible for performing the Debtor's duties in this case," including preparing and filing the bankruptcy schedules (the "Schedules"). *Id.*  The Designation Order also directs

---

[3]     During the June 24, 2021 hearing, the Bankruptcy Court observed "that blanket assertions are insufficient and that the party asserting the privilege needs to explain at least in circumstances where the applicability of the asserting the privilege isn't self-evident why it applies."  June 24, 2021 Hr'g Tr. at 8:18-21 [Bankr. Docket No. 101]; *see also id.* at 23:15-23 ("…I do take the view and agree with the trustee that – and the law [–] that a blanket invocation of the privilege is insufficient. . . .  [T]he Court has to assess the implications of particular questions when asked and assess whether there is an evidence risk of incrimination posed by the inquiry.  And if not, the Court has the duty of inquiry to determine whether or not there is such a reasonable risk presented.").  The Bankruptcy Court also observed that the Trustee is trying to do "very important work to try to help resolve the affairs of the estate."  *Id.* at 41:21-25.

Appellant to appear for examination under oath on behalf of the Debtor at the meeting of creditors pursuant to section 341 of the Bankruptcy Code in the Chapter 7 Case and at any adjourned date of such meeting. (App'x. at 18). Importantly, Appellant never appealed the Designation Order and it is now final.

Appellant refused to, among other things, prepare the Schedules or to produce lists of clients and accounts receivable absent assurances from the Trustee that doing so would not constitute a violation of Appellant's personal Fifth Amendment privilege. *See* Bankr. Docket No. 105 at 2-3.[4] Appellant asserted that he could not attempt to construct a client list from his recollection or available documentation. Appellant took that untenable position even though the Debtor issued invoices to its clients during the months immediately preceding the Petition Date and as it turned out, despite initially claiming otherwise, Appellant had many of the Debtor's records in his possession or under his control.

## III.  **The Order to Compel**

On August 5, 2021, following motion practice and a hearing, *see* Bankr. Docket Nos. 86, 116, and 125, the Bankruptcy Court entered the *Order Compelling Mitchell H. Kossoff to (1) Produce Information and Documents Required by the Chapter 7 Trustee;  (2) Appear for Examination at Section 341 Meetings of*

---

[4] At the time, Appellant advised that no comprehensive client list is within his possession, custody, or control, and he declined to attempt to construct such a list based on his recollection or available documentation absent the assurances described here. *See id.*

9

*Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Bankr. Docket No. 137] (the "Order to Compel") (App'x. at 20).  Among other things, the Order to Compel provides that "the collective entity doctrine overrides and renders inapplicable privileges, including the Fifth Amendment privilege against self-incrimination and the act of production privilege, for acts of production compelled to be performed by Appellant who, by reason of the Designation Order, is acting not in his individual capacity but in his representative capacity on behalf of the Debtor."  (App'x. at 21).

The Order to Compel further and unambiguously directs Appellant to take certain specific actions in a representative capacity, including:

a. "[N]ot individually, but in his representative capacity of the Debtor, . . . take all steps necessary to perform the Debtor's duties pursuant to the Order for Relief and the Designation Order, including the preparation of the Debtor's Schedules…;"

b. "[F]or the reasons set forth on the record at the July 22 Hearing, . . . appear for examination under oath not individually but in his representative capacity on behalf of the Debtor at the Section 341 Meeting in this case and at any adjourned dates of such meeting…;"  and

c. "[F]or the reasons set forth on the record at the July 22 Hearing, Kossoff, not individually but in his representative capacity, is directed to otherwise fully cooperate with the Trustee on behalf of the Debtor in accordance with Bankruptcy Code section 521…"

(App'x. at 21-22).

10

18

**IV.    The District Court Rejects Kossoff's Appeal of the Order to Compel**

On August 18, 2021, Appellant commenced an appeal of the Order to

Compel, *see* [Bankr. Docket No. 144], and filed a *Motion for Leave to Appeal*.  *See*

Bankr. Docket No. 145;  Case No. 1:21-cv-07122-AKH (S.D.N.Y.), Docket No. 3

(the "Motion for Leave to Appeal").

In the Designation of the Record and Statement of Issues filed in connection

with his appeal of the Order to Compel, Appellant identified three issues related to

his Fifth Amendment arguments:

> (1)    Whether Mr. Kossoff's Fifth Amendment right not to incriminate
>        himself in the ongoing criminal proceeding is rendered
>        "inapplicable" in the context of a Chapter 7 bankruptcy
>        proceeding investigating the identical criminal matters.  And if
>        so, whether Mr. Kossoff must prepare and create schedules,
>        appear for oral examination under oath at a creditor committee
>        meeting, and produce records on the very matters that are the
>        subject of the criminal investigation.
>
> (2)    Whether the Act of Production privilege applies where any
>        reasonable juror would attribute the production of documents by
>        Kossoff PLLC to Mitchell H. Kossoff and whether Appellant
>        Debtor was unfairly denied the opportunity to make an *in camera*
>        submission to the Bankruptcy Judge to establish the self-
>        incriminatory nature of the requested documents and information
>        prior to the Bankruptcy Court's ruling.
>
> (3)    Whether the collective entity doctrine applies to a New York
>        Professional Limited Liability Company that operated, in effect,
>        as a sole proprietorship with a sole member, such that Mr.
>        Kossoff is denied his personal Constitutional right against self-
>        incrimination.

11

*See* Case No. 1:21-cv-07122-AKH (S.D.N.Y.), Docket No. 6 (appearing to refer to a meeting pursuant to section 341 as a "creditor committee meeting").

On September 30, 2021, the District Court entered the Order Denying Motion to Appeal [Case No. 1:21-cv-07122-AKH (S.D.N.Y.), Docket No. 17], which denied the Motion for Leave to Appeal and the corresponding request for stay.[5]

## V.   **The Contempt Order**

On November 2, 2021, after an extended period during which Appellant failed to comply with the Order to Compel, the Trustee filed the *Chapter 7 Interim Trustee's Application for an Order Holding Mitchell H. Kossoff in Civil Contempt for Failure to Comply with Order to Compel* [Bankr. Docket No. 218] (the "Contempt Motion") (App'x. at 24), which sought entry of findings of fact and conclusions of law holding Appellant in contempt and imposing the coercive civil sanction of incarceration.  The Trustee did not seek a contempt citation and the imposition of incarceration to punish Appellant for asserting his personal constitutional rights.  (App'x. at 29-30).  He sought such coercive civil sanction to compel Appellant to do what both the District Court and the Bankruptcy Court ruled that Appellant could – and must – do without waiving such rights, because as

---

[5]   The Bankruptcy Court had previously considered and denied Appellant's request for a stay pending appeal.  *See* Bankr. Docket No. 178.

of that date, nothing short of incarceration provided sufficient incentive for Appellant to comply with the Order to Compel.  *See id.*

Upon Appellant's request, *see* [Bankr. Docket No. 234], the Bankruptcy Court provided Appellant additional time to respond to the Contempt Motion.  *See* Bankr. Docket No. 236.  In doing so, the Bankruptcy Court "encouraged" Appellant "to take steps before then to reduce or eliminate the outstanding issues that give rise to the Trustee's motion for contempt sanctions.  *See id.*  Appellant took no such steps.

On November 16, 2021, after briefing on the Contempt Motion was complete, *see* [Bankr. Docket Nos. 249 and 252] (App'x. at 94, 115),[6] the Bankruptcy Court held a lengthy hearing to consider the Contempt Motion (the "November 16th Hearing").  At the conclusion of the November 16th Hearing, during which Appellant spoke, the Bankruptcy Court ruled that Appellant was in civil contempt of prior orders and it found that based upon the extensive and uncontroverted factual record before it, no sanction less severe than incarceration

---

[6]    On November 10, 2021, Appellant produced a privilege log (the "Privilege Log"), which identifies documents and information withheld by Appellant based upon the assertion of attorney client privilege and work product protection, including electronically generated documents reflecting money transfers to and from the Debtor, computer-generated documents reflecting merchant cash deposits into the Debtor and merchant cash payments from the Debtor, and computer-generated reports reflecting deposits into and payments from the Debtor.  The Privilege Log makes clear that Appellant was in possession of the documents and data needed to identify, among other things, creditors, document custodians, and transfers needed to file the Debtor's Schedules, but he withheld that information and did not include it in the Schedules that he filed in the Debtor's Chapter 7 Case.  Indeed, Appellant has still not produced any of the documents that are identified on the Privilege Log to the Appellee even though he has pled guilty to various crimes, has been disbarred, and is incarcerated.

would be likely to induce Appellant's compliance, but that no warrant would be issued until after Appellant had additional time to comply with the Court's prior orders and to demonstrate to the Bankruptcy Court that he had done so. *See* Nov. 16, 2021 Hr'g Tr. at 141:4-23 (App'x. at 244); *see also* Bankr. Docket No. 282 (App'x. at 250).

On November 18, 2021, the Court entered the Submissions Order, *see* [Bankr. Docket No. 282] (App'x. at 250), which allowed any party wishing to assert that the Bankruptcy Court lacked authority to issue an appropriate, final order or findings of fact and conclusions of law holding an individual in civil contempt, and/or to impose coercive civil sanctions, including incarceration. (App'x. at 252). Only Appellant elected to make such a submission. *See* Bankr. Docket No. 283.

On November 22, 2021, the Bankruptcy Court entered the Contempt Order, *see* [Bankr. Docket No. 284] (App'x. at 288), in which the Bankruptcy Court observed "that Mr. Kossoff's noncompliance is willful and knowing, and that Mr. Kossoff has not diligently attempted in a reasonable manner to comply with his court-ordered obligations, including, specifically, to identify known creditors and to complete and provide the Schedules." Bankr. Docket No. 284 at ¶ 50 (App'x at 306).

The Contempt Order ordered:

14

that Mr. Kossoff shall have until on or before November 30, 2021, to purge his contempt and make appropriate filing demonstrating that he has done so, to which the Trustee and any other party in interest may respond upon a schedule to be determined by the Court. If Mr. Kossoff fails to make the required showing on or before November 30, then, on or after December 1, 2021, and with no further notice or application of any party being required, the Court may issue a bench warrant and/or any other appropriate measure to authorize Mr. Kossoff to be arrested as a sanction for his ongoing civil contempt of this Court's orders. Any such order shall be without prejudice to Mr. Kossoff's entitlement to make whatever requests he desires regarding the circumstances and timing of his surrender and incarceration. If Mr. Kossoff is arrested, he will be entitled to file a letter or other submission demonstrating that he has purged his contempt or will do so by taking concrete steps by a date certain to bring himself into compliance, whereupon the Court will promptly schedule a further hearing to determine whether Mr. Kossoff should be released from custody.

*Id.* at 24-25 (App'x. at 311-12).

## VI.     Appeal of the Submissions Order and the Contempt Order

On November 23, 2021, Appellant filed notices to commence his appeals from the Submissions Order and the Contempt Order.  *See* Bankr. Docket Nos. 286 and 287.  The appeal of the Submissions Order was docketed as Case No. 1:21-cv-09924-JPO, and the appeal of the Contempt Order was docketed as Case No. 1:21-cv-09938-JPO.

The next day, Appellant filed a *Motion for an Emergency Stay of Order Holding Mitchell H. Kossoff in Contempt and Ordering His Incarceration Unless*

15

*Mr. Kossoff Purges His Contempt by November 30* [Docket No. 3 (21-CV-9924);

Docket No. 5 (21-CV-9938)] (the "Emergency Motion"). In the Emergency

Motion, Kossoff admits that he is in contempt. *See id.*

On November 30, 2021, the District Court entered an order granting

Appellant's motion for a stay through December 2, 2021, and directed the Trustee

to file his response by December 1, 2021. *See* Docket No. 6 (21-CV-9924);

Docket No. 8 (21-CV-9938).

The Trustee timely filed his opposition to the Emergency Motion on

December 1, 2021 [Docket No. 4 (21-CV-9924); Docket No. 9 (21-CV-9938)].[7]

On December 2, 2021, the District Court entered orders denying the

Emergency Motion. *See* Docket No. 7 (21-CV-9924); Docket No. 10 (21-CV-

9938).

On December 21, 2021, the District Court *sua sponte* entered the Dismissal

Order, directing the Clerk of the Court to close the cases as moot "[b]ecause the

emergency relief sought by the appellant in both of these bankruptcy appeals has

been denied…."

(Special App'x. at 1).

---

[7]  Similar relief was sought by letter in connection with the appeal of the Submissions Order. *See* Docket No. 3 (21-CV-9924); Docket No. 4 (21-CV-9938).

16

On December 28, 2021, Appellant filed legal memoranda supporting motions in each appeal seeking reconsideration of the Dismissal Order. *See* Reconsideration Motion at 1 (Supp. App'x. at 1-6); Docket No. 13 (21-CV-9938) at 1. The Reconsideration Motion appears to advance two primary arguments. First, reconsideration was warranted, because "new evidence," not previously available, would alter the District Court's decision. *See id.* at 3 (Supp. App'x. at 4) (emphasizing element of standard). Specifically, Appellant asserts that he produced the Schedules "under compulsion and the threat of incarceration" and that incarceration remains a pending threat as the Bankruptcy Court had not held that he had purged his contempt. *See id.* at 4 (Supp. App'x. at 5) (same). Appellant further argued that reconsideration is needed "to correct a clear error or prevent manifest injustice." *See id.* at 3 (Supp. App'x. at 4). Presumably, this related to Appellant's statement that "[t]his serious matter involving mattes of Constitutional import warrants a decision on the merits." *Id.* at 4 (Supp. App'x. at 5). Appellee opposed the Reconsideration Motion. *See* Docket No. 13 (21-CV-9924); Docket No. 16 (21-CV-9938).

On January 11, 2022, citing *Shrader v. CSX Transp. Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) , the District Court entered orders (together, the "Reconsideration Order"), denying the request for reconsideration for the reasons stated in Appellee's opposition, noting that "Appellant has failed to demonstrate, as

required, that the [District] Court overlooked controlling decisions of law or made clear errors of law." (App'x. at 5). The District Court also found that "it is clear that the bankruptcy court did not abuse its discretion or err in holding Appellant in contempt." *Id.*

On January 19, 2022, Appellant filed Notices of Appeal, commencing appeals of the Dismissal Order and the Reconsideration Order. (App'x. at 313).

## VII. <u>Events Subsequent to the Entry of the Contempt Order</u>

Only after the Contempt Order was entered and the District Court denied the emergency stay did Appellant provide the Trustee with almost useless Schedules. However, those Schedules were patently incomplete and were not filed on the docket of the Chapter 7 Case, as required by the Designation Order.[8]

On December 15, 2021, Appellant finally filed Schedules on the docket of the Chapter 7 Case [Bankr. Docket No. 310], though they remained incomplete. Moreover, the information and documents that are included in the Schedules had already been in the public realm.

On February 24, 2022, the Trustee conducted a meeting of creditors pursuant to section 341 of the Bankruptcy Code. Appellant appeared and invoked his Fifth

---

[8]  For example, in the Privilege Log produced for the Trustee, Appellant advised the Trustee that he is in possession of documents, files and information that contain information regarding transfers he caused the Debtor to make prior to the Petition Date. However, he refused to include that information in the Schedules, though required to do so, and he has withheld them from the Trustee knowing that the Trustee needs those documents and information in his investigation.

Amendment privilege in response to many questions posed by the Trustee and creditors. Neither the Trustee nor the creditors who asked questions during the meeting of creditors sought to challenge the Fifth Amendment invocations. *See* Bankr. Docket No. 319.[9] Indeed, Appellant was asked to testify in his representative capacity only and he was not compelled to testify about any topic that would have impaired or waived his Fifth Amendment privilege.

On December 13, 2021, in open court in New York, Appellant pleaded guilty to, among other things, orchestrating and effecting a scheme to defraud multiple parties. Appellant admitted that he stole at least $14.5 million from dozens of clients and others, including millions of dollars that had been deposited into the Debtor's IOLA and operating bank accounts.

On May 6, 2022, New York State Supreme Court Judge Laurie Peterson sentenced Kossoff to serve not less than 4.5 years but not more than 13.5 years in prison as punishment for his crimes.

---

[9] While Appellant appears to take issue with the Contempt Motion in light of the fact that the creditors' meeting had not yet been scheduled, *see* Appellant's Brief at 10, no such meeting could be scheduled while Appellant refused to even file a list of creditors.

## VIII.  **The Instant Appeal**

On January 19, 2022, Appellant filed the Notices of Appeal and commenced appeals of the District Court's *sua sponte* Dismissal Order and Reconsideration Order.  (App'x. at 313).

On July 14, 2022, Appellant filed the Brief and Special Appendix for Appellant.   *See* Docket No. 49 (22-122);  Docket No. 47 (22-124).  As set forth in more detail below, Appellant's brief fails to comply with Rule 28 of the Federal Rules of Appellate Procedure (the "Appellate Rules").

In his brief, Appellant "asks this Court to determine whether he as sole member, 100% owner and managing person of the debtor Kossoff Professional Limited Liability Company . . . should have been prevented from invoking his Fifth Amendment constitutional rights and denied his self-incrimination protection under what has been termed the collective entity doctrine."  Appellant's Brief at 1-2.

The brief seeks relief regarding various orders of the Bankruptcy Court and the District Court.  Appellant asks this Court to:

> vacate and reverse the Orders and supporting Opinions of the Bankruptcy Court and District Court that hold [Appellant] in Contempt and direct or permit his incarceration, that compel him as Responsible Officer to fill out Bankruptcy Schedules or testify before creditors or the Bankruptcy Trustee, that designated him as the Responsible Officer of Kossoff PLLC with

20

performance of Debtor's duties inconsistent with Mr. Kossoff's assertions of the Fifth Amendment whether in the Bankruptcy Court, criminal or civil litigation and finally vacate and reverse any permitted use of documents, materials and information from documents that should have been covered by a Fifth Amendment 'Act of Production Privilege' when they were produced under the Orders of the Bankruptcy Court and were denied review by the District Court.

Appellant's Brief at 32.

## STANDARD OF REVIEW

Appellant appealed two Bankruptcy Court orders (the Submissions Order and the Contempt Order) to the District Court. However, the instant Appeal does not attack a decision by the District Court to affirm or deny those orders. Rather, the Notices of Appeal challenge the District Court's Dismissal Order and Reconsideration Order. Appellant's brief is silent on the applicable standard of review of those orders.

This Court conducts a plenary review of orders of district courts issued in their capacity as appellate courts in bankruptcy cases. *Speer v. Clipper Realty Trust (In re Speer),* 771 F. App'x. 25, 28 (2d Cir. 2019) (summary order); *In re Anderson,* 884 F.3d 382, 387 (2d Cir. 2018) ("[W]e engage in plenary, or *de novo*, review of the district court decision."). Questions of mootness are questions of law to be reviewed *de novo*. *See Fund for Animals v. Babbitt,* 89 F.3d 128, 132 (2d Cir. 1996).

21

Denials of reconsideration are reviewed for abuse of discretion.  *See, e.g.,* *Speer,* 771 F. App'x at 27;  *RJE Corp. v. Northville Indus. Corp*., 329 F.3d 310, 316 (2d Cir. 2003);  *Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir. 1999).  A district court abuses its discretion "when its decision rests on a legal error or a clearly erroneous factual finding, or when its decision does not fall within the range of permissible decisions." *RJE Corp.,* 329 F.3d at 316 (citation omitted).

In addition, this Court is "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *Speer,* 771 F. App'x at 27 (citation and quotation marks omitted).

## SUMMARY OF ARGUMENT

Acting *sua sponte*, the District Court dismissed Appellant's appeal as moot and subsequently denied Appellant's request for reconsideration.  This Appeal is before this Court for the purpose of reviewing the District Court's Dismissal Order and Reconsideration Order.

As an initial matter, this Court may dismiss this Appeal for two independent reasons.  First, for the reasons set forth by the District Court and in light of subsequent developments in the Chapter 7 Case and Appellant's criminal case, the Appeal no longer presents a live controversy for which this Court could give meaningful relief.  *See Off. Comm. Of Unsecured Creditors of LTV Aerospace &*

*Def. Co. v. Off. Comm. Of Unsecured Creditors of LTV Steel Co. (In re Chateaugay Corp.)*, 988 F.2d 322, 325 (2d Cir. 1993); *accord Pac. Ins. Co.,* 28 F.3d at 1097. Second, Appellant's brief contains numerous deficiencies and so thoroughly fails to conform to the appellate rule requirements that the Trustee has been forced to "anticipate, research, and argue the issues in the case without knowing what issues appellant intended to raise," which the appellate rule is specifically intended to prevent. *See Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir. 1999).

However, if the Court should choose not to dismiss the Appeal, the Dismissal Order and the Reconsideration Order, which are the subject of the Notices of Appeal, should be affirmed because Appellant's brief does not allege any comprehensible, let alone reversible, error on the part of the District Court and it fails to set forth any cogent argument justifying his request for relief.

In dismissing the appeal before it, the District Court properly applied the well-settled Second Circuit standard for mootness. Without a stay pending appeal, the District Court could not grant effective relief, rendering the appeal moot. *See, e.g., In re Chateaugay Corp.,* 10 F.3d 944, 961 (2d Cir. 1993). The District Court had the authority to dismiss that appeal based upon standing, a jurisdictional defect, *sua sponte* without further submissions. *See ANZ Sales, Inc. v. Bank of Baroda (In re Indu Craft, Inc.),* 630 F. App'x. 27, 29 (2d Cir. 2015) (summary

order) (affirming *sua sponte* dismissal of appeal).  Indeed, the District Court had an

obligation to do so.  *See In re Miner,* 229 B.R. 561, 566 (B.A.P. 2d Cir. 1999);

*accord Pacific Ins. Co.,* 28 F.3d at 1096(considering mootness).  Appellant has not

demonstrated, and cannot demonstrate, that any aspect of the District Court's

decision was erroneous.

Further, the District Court correctly denied Appellant's request for

reconsideration and did not abuse its discretion in doing so.  *See, e.g., Nakshin v.

Holder,* 360 F. App'x. 192, 193-94 (2d Cir. 2010) (summary order) (affirming

denial of reconsideration motion where plaintiff failed to point to any legal

authority or factual issue overlooked by district court).  The standard for

reconsideration is "strict" and should only be granted in limited circumstances not

present in this case.  *See Shrader,* 70 F.3d at 257.

In this Appeal, Appellant once again fails to demonstrate that there was an

intervening change of law or new evidence that would alter the District Court's

conclusion, or that that reconsideration was required to correct a clear error of fact

or law or to prevent manifest injustice.  Indeed, he has failed to argue any ground

for relief beyond his conclusory and unsupported claim that the District Court

should have allowed him to assert Fifth Amendment arguments on the merits.  In

so doing, he ignores the plain fact that the District Court did consider Appellant's

likelihood of success on appeal when denying stay relief.  As becomes clear,

Appellant's argument is nothing more than an attempt for a rehearing on the merits and it cannot support a finding that the District Court abused its discretion in denying the Reconsideration Motion. *See id.* at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

The matters before this Court end here. However, Appellant goes further and – without statutory or other legal basis – asks this Court to grant relief in connection with Bankruptcy Court orders, including orders that are not subject to this (or any other) appeal. Appellee respectfully submits that this Court should decline the invitation to do so.

## ARGUMENT

### I.   Appellant's Appeal to the Second Circuit Is Moot

Appellant's appeal to this Court of the Contempt Order is moot because it "no longer presents a live controversy with respect to which the court can give meaningful relief." *Pac. Ins.,* 28 F.3d at 1096; *see also Chateaugay Corp.*, 988 F.2d at 325 ("The duty of an Article III court is to decide live controversies, not to give opinions upon moot questions").

The Appeal in this case focuses solely on whether the District Court erred in dismissing Appellant's appeal and subsequently denying reconsideration of the dismissal. Should Appellant prevail on appeal, at most, the matter would be

returned to the District Court's docket for briefing on whether the Bankruptcy

Court erred in entering the Contempt Order.

For the reasons set forth by the District Court, Appellant's appeal of the

Contempt Order became moot when the District Court declined to impose a stay

pending appeal. *See* Section III(B), *infra.* However, now, subsequent events have

made even more clear that this matter is moot. Appellant appeared for questioning

at a meeting of creditors in the Debtor's Chapter 7 Case in his capacity as a

representative of the Debtor. The Trustee did not challenge his invocations of the

Fifth Amendment to specific questions. Appellant produced Schedules and other

information in his representative capacity, which remain incomplete, that have not

been used against him.

Appellant appears to ponder and contend that he may remain at risk because

the documents and information provided to the Trustee may be used against him in

violation of his Fifth Amendment rights. *See* Appellant's Brief at 32. This is not

the case. Appellant entered into a voluntary plea agreement, ending the only

known criminal investigation that targeted him. Thus, this contention cannot save

the Appeal from dismissal on mootness grounds.

Accordingly, even if the Appeal had not been moot when dismissed by the

District Court (which it was), it most certainly is now.

## II.     Appellant's Failure to Comply with the Requirements of Appellate Rule 28(a) Warrants Dismissal of His Appeal

Appellate Rule 28(a) outlines the requirements for the contents of an appellant's brief.  *See generally* Fed. R. App. P. 6(b)(1)(A).  The rule is designed to ensure that an appellee will not be forced to "anticipate, research, and argue the issues in the case without knowing what issues appellant intended to raise," *Ernst Haas Studio,* 164 F.3d at 112, and that the appellate court should not be expected to "scour the record, research any legal theory that comes to mind, and serve generally as an advocate for appellant." *Id.*

Appellee respectfully submits that Appellant's failure to comply with multiple, mandatory requirements imposed by Appellate Rule 28 is a sufficient basis for this Court to refrain from reaching the merits, if any, of the Appeal and dismiss it on this ground.

***First,*** instead of making a clear statement of the issues as is required by Appellate Rule 28(a)(5) , Appellant's brief simply states – in a preliminary statement – that the Court should determine whether [Appellant] as a sole member, 100% owner and managing person of the debtor Kossoff Professional Limited Liability Company . . . should have been prevented from invoking his Fifth Amendment constitutional rights and denied self-incrimination protection under what has been termed the collective entity doctrine."  Appellant's Brief at 1-2. Notably, by phrasing the issue in this manner, Appellant fails to address either of

27

the orders referenced in the Notices of Appeal and identifies an issue that he

concedes was not reached by the District Court. *See* Appellant's Brief at 19

("None of these arguments were deemed worthy by the District Court to prevent

appellant from being imprisoned before having an opportunity to fully present such

issues before the District Court.").

*Second,* Appellant's jurisdictional statement lacks important components

identified in, and required by, Appellate Rule 28(a)(4). *Compare* Appellant's Brief

at 11, *with* Fed. R. App. P. 28(a)(4). Specifically, Appellant fails to make any

mention of the basis for the District Court's subject matter jurisdiction with

citations and stating jurisdiction. *See* Fed. R. App. P. 28(a)(4)(A). Nor does it

assert that the Appeal is from a final order or judgment that disposes of all parties'

claims, or information establishing this Court's exercise of jurisdiction on some

other basis. *See id.* at 28(a)(4)(D). Both of these elements are required by

Appellate Rule 28.

*Third,* while Appellate Rule 28(a) requires an appellant's brief to contain for

each issue, a concise statement of the applicable standard of review….", *id.* at

28(a)(8)(B), Appellant does not even attempt to articulate a standard of review for

matters subject to this appeal. At one point, he states that "[t]he District Court

could have rationally ruled in favor of this point given the commonality of interest

between [Debtor] and [Appellant]," *see* Appellant's Brief at 15, but this bears no relationship to any standard of review arguably applicable to this Appeal.

    ***Finally***, and perhaps most importantly, an appellant's brief must set forth an argument that contains "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Many of Appellant's arguments are not supported by any persuasive legal authority, and should be disregarded in their entirety. *See, e.g., Ernst Haas Studio*, 164 F.3d at 112. For example, on appeal, Appellant cites no cases involving reconsideration motions, mootness, or *sua sponte* dismissals. *See Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (dismissing appeal noting appellant's brief "fails to adequately address the merits of most—arguably all—of the claims dismissed by the District Court"); *see also Doe v. Moore,* 410 F.3d 1337, 1349 n.10 (11th Cir. 2005) (explaining that appellate brief must not only state contentions, but must also give reasons for them, with citations to authority and to the record, to preserve an issue on appeal); *Continental Tech. Servs., Inc. v. Rockwell Int'l Corp.,* 937 F.2d 1998, 1199 (11th Cir. 1991) (holding that merely presenting a contention without argument or authority constitutes waiver of the issue).

    Where, as here, an appellant fails to comply with Appellate Rule 28, dismissal of the appeal is warranted. *See, e.g., Taylor v. Harbour Pointe*

*Homeowners Ass'n,* 690 F.3d 44, 48 (2d Cir. 2012) ("An appellant's failure to comply with Rule 28 invites dismissal of the appeal."); *Tolbert v. Queens College,* 242 F.3d 58, 75-76 (2d Cir. 2001) (refusing to consider appeal where appellee's brief failed to set out a statement of issues presented for review); *Moore v. Time, Inc.,* 180 F.3d 463, 464 (2d Cir. 1999), *cert. denied,* 528 U.S. 932 (1999) (affirming dismissal where appellant's brief left reader "without a hint of the legal theory proposed as a basis for reversal").

In addition, Appellant fails to comply with Second Circuit Local Rule 28.1(a), which provides that a brief "must be concise, logically arranged with proper headings, and free of irrelevant matter." With his brief, Appellant has included pages and pages of unnecessary and unorganized arguments on the substantive Fifth Amendment arguments that he previously presented to the Bankruptcy Court without clearly tying such issues to either of the challenged District Court orders or the standards applicable thereto. As a result, the Trustee is left to speculate as to the arguments Appellant seems to assert on appeal. Appellant's brief fails to comply with the rule, and this Court may disregard Appellant's brief. *See* Second Circuit Local Rule 28.1(a) ; *see also Ernst Haas Studio*, 164 F.3d at 111-12 (dismissing appeal where appellant's brief failed to present a "cogent legal theory…that would sustain the [appeal]")

30

Because Appellant failed to present a comprehensible argument on appeal, this Court may affirm the District Court's orders or, in the alternative, dismiss the Appeal.

## III.   __The District Court's Dismissal Order Should Be Affirmed__

Upon review of submissions by the parties, the District Court denied Appellant's request for emergency relief that would have stayed the implementation of the Contempt Order pending appeal.  *See* Docket No. 7 (21-CV-9924);  Docket No. 10 (21-CV-9938).  Based upon this finding and the timeline for appeals set forth in the Bankruptcy Rules, the District Court recognized that dismissal was warranted on mootness grounds and acted within its authority to dispose of the matter.  *See* Docket No. 8 (21-CV-9924);  Docket No. 11 (21-CV-9938).

Appellant's arguments concerning the Dismissal Order miss the mark entirely.  Appellant has provided no ***argument*** on the issue of mootness and instead seeks to vacate the Dismissal Order to obtain a decision on his Fifth Amendment arguments.  While Appellant may have liked the District Court to consider his Fifth Amendment arguments, courts may dismiss appeals *sua sponte* under such circumstances without further submissions by the parties.

## A. The District Court Had Authority to Dismiss Kossoff's Appeal Sua Sponte

District courts and courts of appeal have the inherent power to dismiss an action or an appeal *sua sponte* where there is no arguably meritorious issue for consideration including, for example, lack of jurisdiction. *See, e.g., Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.,* 433 F.3d 181, 198 (2d Cir. 2005); *Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 363-64 (2d Cir. 2000); *Pilay v. I.N.S.,* 45 F.3d 14, 17 (2d Cir. 1995); *see generally Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274 (1977).

Courts in this jurisdiction and others will dismiss appeals *sua sponte* where there are jurisdictional defects, including mootness. *See, e.g., In re Indu Craft,* 630 F. App'x. at 29; *accord Ruther v. Intown Suite,* 2021 WL 4453660, at *1 (11th Cir. Aug. 11, 2021). Indeed, "[i]t is incumbent upon this court to consider issues of mootness *sua sponte* and, absent an applicable exception to the mootness doctrine, to dismiss any appeal that no longer presents a viable case or controversy." *Pac. Ins.,* 28 F.3d at 1096. Moreover, in the context of a bankruptcy case, mootness principles are "especially pertinent…where the ability to achieve finality is essential to the fashioning of effective remedies." *Chateaugay*, 988 F.2d at 326.

Indeed, "[i]t is proper . . . for a district court to dismiss an action for lack of subject matter jurisdiction without providing notice and an opportunity to be heard where it is unmistakably clear that the court lacks jurisdiction, or that the appeal lacks merit or is otherwise defective." *In re Indu Craft,* 630 F. App'x. at 29 (affirming *sua sponte* dismissal of appeal) (citation, internal quotation marks, and modification omitted). *In re Indu Craft* is illustrative here. There*,* the Second Circuit rejected appellant's assertion that the district court erred in not affording it the opportunity to be heard on the issue of its standing to appeal bankruptcy court orders before dismissing that appeal. *See id.* Specifically, the Second Circuit observed that where "a district court is not acting as a trial court but as an appellate court and has before it a fully developed record, there is little benefit in requesting briefing or conducting a hearing to discuss" the defect, which was standing in *In re Indu Craft*. *Id.* Importantly, "[b]ecause the district court's decision was based on the nature and content of prior orders, all of which were part of the record before it, the court properly addressed the issue of standing without asking the parties to brief or argue that issue." *Id.*

Here, as in *In re Indu Craft,* the District Court was able to address the issue of mootness based upon the content of the Bankruptcy Court's prior orders and determine that it was unmistakably clear that Appellant's appeal was moot.

Accordingly, the District Court did not err when it *sua sponte* dismissed the appeal as moot.

### B. The District Court Was Correct to Determine That It Is Unmistakably Clear that the Appeal Was Moot

"[W]hen, during the pendency of an appeal, events occur that would prevent the appellate court from fashioning effective relief, the appeal should be dismissed as moot." *In re Chateaugay,* 988 F.2d at 325. "An appeal should also be dismissed as moot when, even though relief could conceivably be fashioned, implementation of that relief would be inequitable." *Id.* As the Fifth Circuit has observed, this may be seen where a stay is not in place pending appeal:

> Although as a general rule a party need not seek a stay of a lower court's judgment in order to protect its right to appeal, the consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the district court as final. Thus, in the absence of a stay, action of a character which cannot be reversed by the court of appeals may be taken in reliance on the lower court's decree. As a result, the court of appeals may become powerless to grant the relief requested by the appellant. Under such circumstances the appeal will be dismissed as moot.

*Am. Grain Ass'n v. LEE-VAC, Ltd.,* 630 F.2d 245, 247 (5th Cir. 1980) (quotation marks, alteration marks, and citations omitted).

Here, among other things, the appeal to the District Court was mooted by the denial of Appellant's request for a stay pending appeal. (Special App'x. at 1). Based on the operation of the Contempt Order and the timeline of an appeal, it was

unmistakably clear to the District Court that Appellant could not obtain effective

relief following the denial of the stay request, rendering that appeal moot.  By the

time the appeal could have been fully briefed, argued, and decided by the District

Court, the deadline for compliance would have passed.  Thus, the appeal became

moot when the deadline in the Contempt Order expired before any relief could

have been granted by the District Court.  *Compare* Bankr. Docket No. 284, *with*

Fed. R. Bankr. P. 8018.[10]  Accordingly, any further notice would only have led to a

waste of judicial resources.  *See Indu Craft*, 630 F. App'x. at 29.

Appellant offers no meaningful argument to the contrary on this point.

Indeed, the only statement in Appellant's brief that could possibly be construed as

relating to the District Court's determination comes in the conclusion's request for

relief, rather than the argument, where Appellant asks the Court to "vacate and

reverse any permitted use of documents, materials and information from

documents that should have been covered by a Fifth Amendment 'Act of

Production Privilege.'"  *See* Appellant's Brief at 32.

As an initial matter, under Appellate Rule 28(a), "issues . . . [must be]

sufficiently argued in the brief[.]."  *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d

---

[10]  By virtue of the deadline contained therein, the Submissions Order, which invited any party wishing to assert that the Bankruptcy Court lacked authority to issue an appropriate, final order or findings of fact and conclusions of law holding an individual in civil contempt and/or to impose appropriate sanctions including incarceration to file a position statement no later than 3:00 p.m. on November 29, 2021, was also moot when the District Court dismissed the appeals.  (App'x. at 252).

Cir. 1998). "Issues not sufficiently argued in the briefs will be considered waived…." *Id.* Appellant's brief does not advance any *argument* that the District Court's determination of mootness was incorrect. *See Gross v. Rell,* 585 F.3d 72, 95 (2d Cir. 2009). Nor does mootness appear in any articulation of the issues on appeal. For this reason, Appellee respectfully submits that Appellant has waived this issue on appeal. *See Tolbert,* 242 F.3d at 75 ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"); *Coalition on W. Valley Nuclear Wastes v. Chu,* 592 F.3d 306, 314 (2d Cir. 2009) ("We find that Appellant's two-sentence legal analysis in their opening brief is insufficient to preserve this issue for appellate review."); *Glicksman v. N.Y. City Envtl. Control Bd.,* 345 F. App'x. 688, 691 (2d Cir. 2009) ("Because Glicksman devoted only two vague sentences to this point, we deem the issue to be waived."); *see also U.S. v. Fell,* 531 F.3d 197, 233 n.25 (2d Cir. 2008) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *Norton,* 145 F.3d at 117 (2d Cir. 1998).

However, even if Appellant's statement is considered, the brief does not establish that the District Court erred in dismissing the appeal that was before it. The continued use of materials does not defeat the mootness finding, which was the basis of the District Court's Dismissal Order, and this interest cannot save the

appeal from dismissal on mootness grounds, however, because Appellant voluntarily accepted a guilty plea in connection with the criminal investigation identified against him and does not assert that any other criminal investigations are ongoing. Moreover, Appellant has failed to identify any particular act of production, document produced, or testimony that may be incriminating, and he is barred from doing so now for having failed to do so before. *See U.S. v. Huntington Nat'l Bank,* 574 F.3d 329, 332 (6th Cir. 2009).

Based upon the foregoing, having correctly found that the appeal was moot, the District Court was well within its authority as an appellate court to enter the Dismissal Order without providing Appellant notice or an opportunity to be heard. *See Indu Craft*, 630 F. App'x. at 29.

## IV.  **The District Court's Reconsideration Order Should be Affirmed**

Motions for reconsideration are strictly evaluated and generally are "denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by court." *Shrader,* 70 F.3d at 257; *accord In re M/V Rickmers Genoa Litig.,* 643 F. Supp. 2d 553, 555 (S.D.N.Y. 2009). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct or prevent manifest injustice."

*Virgin Atl. Airways Ltd. v. Nat'l. Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992). None of these factors are remotely present in this Appeal.

Upholding the extraordinary purpose of this narrow remedy, the District Court denied the Reconsideration Motion. (App'x. at 5-6). Appellant does not specifically contest any of the District Court's conclusions, but merely includes pages and pages of his own self-serving argument concerning his invocation of the Fifth Amendment before the Bankruptcy Court. However, the Reconsideration Order was a sound exercise of the District Court's discretion, and Kossoff has not shown otherwise.

### A.  There Was No Change in Controlling Law

Neither the Reconsideration Motion nor the Appellant's brief appear to assert a change in controlling law overlooked by the District Court. Indeed, the controlling law is clear. This Court has held that the "collective-entity doctrine" applies even when the collective entity is comprised of one person. *See, e.g., In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 158-59 (2d Cir. 2010). Consequently, the District Court did not abuse its discretion for declining to reconsider on this ground.

### B.  There Was No "New Evidence" to Alter Court's Decision

To the extent that Appellant intends to assert, on appeal, that the District Court abused its discretion by disregarding "new evidence," he cannot do so. It is

well-settled that an appellant's failure to argue issues in his opening brief constitutes waiver of those issues, *see, e.g., Norton,* 145 F.3d at 117, and Appellant's brief makes no attempt explain the significance of any "new evidence" discovered between the entry of the Dismissal Orders and the submission of the Reconsideration Motion.

However, even if this argument was not waived, Appellant has offered no explanation for how the District Court abused its discretion by failing to consider any so-called "new evidence" which would have altered the District Court's conclusion or why the District Court abused its discretion by not considering it. To be clear, Appellant remained, admittedly, in contempt of the Bankruptcy Court's orders at the time of the Dismissal Order and when the Reconsideration Motion was filed. *See* Reconsideration Motion at 1 (Supp. App'x. at 1); Docket No. 13 (21-CV-9938) at 1. The District Court recognized this uncontested fact. (App'x. at 5) (finding that the bankruptcy court did not abuse its discretion or err in holding Appellant in contempt). The fact that he failed to purge himself of his contempt does not create any changed circumstance or "new evidence," and his failure to comply with his court-ordered obligations should not operate to allow him to squander the time and resources of this Court. Further, the Debtor's Schedules – though filed after entry of the Dismissal Order – were clearly anticipated by the parties and the District Court. For these reasons, these facts can hardly be

considered "new." Nor could they be deemed to have altered the District Court's determination. *See Shrader,* 70 F.3d at 257. Appellant's disagreement with the District Court's earlier analysis did not render that analysis incorrect.

### C. There Was No Clear Error

Appellant presents this Court with no reason to believe that the District Court erred in its ruling, much less that the Reconsideration Order contains a clear error.

The bar is high to establish that "clear error" occurred. *See, e.g., Atl. Specialty Ins. Co. v. Coastal Env't. Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) (holding that the court must be left with a "firm conviction that a mistake has been committed."); *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir. 1988) ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.").

Appellant could not reasonably take the position that the dismissal of his challenge to the Contempt Order represents a clear error of fact or law where he has admitted, through counsel, that he was in contempt. *See* Reconsideration Motion at 1 (Supp. App'x. at 1); Docket No. 13 (21-CV-9938) at 1.

Indeed, Appellant offers no basis for why or how failure to consider his substantive arguments *in considering mootness* constitutes a clear error. The

phrase "clear error" cannot be found anywhere in Appellant's opening brief, and his brief lacks a single citation to support an assertion that "clear error" exists.

For this reason, Appellant has failed to establish that the District Court abused its discretion when it denied the Reconsideration Motion and, in so doing, found that no clear error of fact or law existed in connection with its decision to dismiss the appeal.

### D.  There Was No Manifest Injustice

Appellant's sole remaining argument on appeal appears to be that the District Court abused its discretion by declining to consider his Fifth Amendment arguments and that such refusal results in manifest injustice to him. This argument is a non-starter.

As a threshold matter, Appellant has waived this argument on appeal. Specifically, Appellant provided only a single sentence on this point in his Reconsideration Motion: "This serious matter involving matters of Constitutional import warrants a decision on the merits." Appellant's Brief at 4. Because Appellant's Reconsideration Motion failed to identify with sufficient particularity the purported issue with the challenged order, or cite to any pertinent legal authority, the District Court acted well within its discretion to deny the Reconsideration Motion. *See Huntington Nat'l Bank,* 574 F.3d at 332 (noting that litigant does not "preserve an issue merely by summarily mentioning it" because

41

"conclusory allegations and perfunctory statements, unaccompanied by citations or some effort at legal argument" do not suffice).

However, even if this Court were to consider Appellant's waived argument, Appellant cannot demonstrate that it creates manifest injustice. "In the context of a motion for reconsideration, 'manifest injustice' is defined as 'an error committed by the trial court that is direct, obvious, and observable." *Corpac v. Rubin & Rothman,* 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (citation omitted). "The manifest injustice standard is, by definition, deferential to district courts and provides relief only in the proverbial rare case." *Corsair Special Situations Fund, L.P. v. Nat'l Res.,* 595 F. App'x. 40, 44 (2d Cir. 2014) (summary order) (internal quotation omitted).

While Appellant attempts to paint himself as a victim of the District Court's dismissal of his appeal, his suffering is entirely attributable to his own decision not to challenge the Bankruptcy Court's Designation Order, which directed Appellant to, among other things, perform the duties of the Debtor's responsible officer. Appellant chose not to appeal the Designation Order, and it is now a final order. *See* Fed. R. Bankr. P. 8002.

Appellant provides only conclusory and unsupported claims that the District Court should have considered the substance of his Fifth Amendment arguments. In so doing, Appellant ignores an important truth: The District Court did consider his

42

likelihood of success on the challenge to the Contempt Order. To succeed on a motion for a stay, a movant must show, among other things, that the appeal will likely succeed on the merits and that movant will be harmed if the stay is denied. *See, e.g., In re Baker,* No. 05-Civ-3487, 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005). Here, before the District Court denied Appellant's stay request, it would have necessarily had to consider the likelihood that Appellant would have succeeded in his appeal of the Contempt Order.

Thus, at best, Appellant's focus on his substantive Fifth Amendment arguments is tantamount to an argument that the District Court would have been more likely to reconsider the Dismissal Order if it had been fully briefed on the merits. However, a reconsideration motion is not a vehicle for securing a rehearing on the merits. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012). Nor is mere disagreement with a court's legal determination a valid basis for reconsideration. *U.S. v. Kerik,* 615 F. Supp. 2d 256, 276 n.27 (S.D.N.Y. 2009).

In any event, the refusal to address Appellant's substantive arguments would not result in manifest injustice, because they bear only on tangential relevance to the matter at hand and are without merit for the reasons explained by the Bankruptcy Court on multiple occasions. The Designation Order designated Appellant as the person responsible for performing the Debtor's duties in a

representative capacity. (App'x. at 18). Appellant never appealed from that order, and it is now final. With the Order to Compel, the Bankruptcy Court concluded that the "collective entity doctrine overrides and renders inapplicable privileges, including the Fifth Amendment privilege against self-incrimination and the act of production privilege, for acts of production being compelled to be performed by Appellant who, by reason of the Designation Order, is acting not in his individual capacity but in his representative capacity on behalf of the Debtor." (App'x. at 21). The Order to Compel is not the subject of this appeal. The only issue here is whether, in light of the Bankruptcy Court's orders, Appellant is in civil contempt. He admits that he is. *See* Reconsideration Motion at 1 (Supp. App'x. at 1); Docket No. 13 (21-CV-9938) at 1.. He has not explained how reconsideration is warranted to prevent manifest injustice; nor could he.

Based on the foregoing, the District Court's decision to deny the Reconsideration Motion was not an abuse of discretion and, therefore, should be affirmed.

**V.      Though Appellant Seeks Relief from the Bankruptcy Court's Orders, His Appeal from the Bankruptcy Court's Orders Should Be Denied for <u>Lack of Jurisdiction</u>**

Notwithstanding the fact that the Notices of Appeal state that Appellant seeks to appeal the Dismissal Order and the Reconsideration Order, (App'x. at 313), Appellant's brief asks the Court to, among other things, vacate and reverse

completely separate orders that were entered by the Bankruptcy Court, specifically the Bankruptcy Court's Designation Order and Order to Compel. *See* Appellant's Brief at 32. This requested relief is inappropriate and should be denied because this Court's jurisdiction is limited to reviewing the Dismissal Order and the Reconsideration Order.

A notice of appeal must "designated the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). This requirement is jurisdictional. *See In re Gould,* 790 F. App'x. 340, 341 (2d Cir. 2020) (summary order). The Second Circuit has found that it lacks jurisdiction to review district court orders that are not designated in the notice of appeal as required by Fed. R. App. P. 3(c)(1)(B). *See Sea Greens Holdings, LLC v. Anegra,* 2018 WL 5849890, at *1 (2d Cir. Oct. 3, 2018) (citation omitted); *see also Persico v. Cassadei,* 2021 WL 5500089, at *1 (2d Cir. Nov. 24, 2021) (quoting *PHL Variables Inc. Co. v. Town of Oyster Bay*, 929 F.3d 79, 87 (2d Cir. 2019) (observing that circuit courts "generally lack jurisdiction to review a decision that was not mentioned in the notice of appeal.").

While it has been noted that courts should apply a liberal interpretation to the Appellate Rule 3(c)(1)(B) requirement, Appellant was not merely careless in

identifying the district court orders in his notice.[11]  Rather, he is asking this Court

to consider orders entered by the Bankruptcy Court that have either never been

appealed to the District Court or have been disposed of in previous appeals to the

District Court.  Appellant's request that this Court reconsider those orders is

wholly improper.  Appellant never sought to appeal the Bankruptcy Court's

Designation Order, which is final.  (App'x. at 17);  *see also* Fed. R. Bankr. P.

8002.  Nevertheless, he asks this Court to consider the necessity and the impact of

the Bankruptcy Court's Designation Order.  *See* Appellant's Brief at 11-13.

Further, the District Court, in a separate appeal initiated by Appellant,

denied leave to appeal the Order to Compel.  *See* Docket No. 17 (21-CV-7122)

(Order Denying Leave to Appeal).  As set forth above, the issues raised in the

appeal of the Order to Compel are nearly identical to those arguments pressed by

Appellant here.  As such, it is clear that Appellant is really seeking to collaterally

attack an order of the Bankruptcy Court that is not subject to this Appeal.

Indeed, Appellant asks this Court to "reverse any permitted use of

documents, materials, and information from documents that should have been

covered by a Fifth Amendment 'Act of Production Privilege…'"  Appellant's Brief

at 32.  Fashioning such relief would require this Court to review and overturn

---

[11]   Appellant is a seasoned attorney (though now disbarred), and he is represented by seasoned counsel.

46

Bankruptcy Court orders that have not been the subject of a District Court decision on the merits leading to this Appeal.

For this reason, the Court should decline Appellant invitation to exercise jurisdiction over orders of the Bankruptcy Court or District Court that were not identified in the Notices of Appeal.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully submits that this Court should dismiss Appellant's appeal or, in the alternative, affirm the District Court's Dismissal Order and Reconsideration Order and deny all other relief sought by Appellant.

Dated:  New York, New York
　　　　October 4, 2022

ALBERT TOGUT,
not individually but solely in his capacity as
Chapter 7  Trustee for
Kossoff PLLC
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*　　　　　　　
NEIL BERGER
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
neilberger@teamtogut.com

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 11,455 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).  *See also* 2d Cir. Local R. 32.1(a)(4). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  New York, New York
        October 4, 2022

                              */s/ Neil Berger*
                              NEIL BERGER
                              A Member of the Firm

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October 2022, I filed the foregoing

via the Court's CM/ECF appellate filing system, which will electronically notify

attorneys of record in this matter, and it was served by e-mail upon the following:

Walter Mack
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, New York 10007
(212) 619-3730
wmack@doarlaw.com
*Attorney for Appellant*

*/s/ Neil Berger*
NEIL BERGER
A Member of the Firm