22-122-bk (L)
*In re Kossoff PLLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand twenty-three.

Present:
    DENNIS JACOBS,
    EUNICE C. LEE,
    MYRNA PÉREZ,
        *Circuit Judges*.

---

IN RE: KOSSOFF PLLC,

    *Debtor,*

MITCHELL H. KOSSOFF,

    *Appellant*,

    v.    22-122-bk, 22-124-bk

ALBERT TOGUT, CHAPTER 7 INTERIM TRUSTEE,

    *Appellee.*

---

For Appellant:    WALTER MACK, Doar Rieck Kaley & Mack, New York, NY.

For Appellee:    MINTA NESTER (Neil Berger, *on the brief*), Togut, Segal & Segal LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Oetken, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Appellant Mitchell H. Kossoff is the former head and sole member of a New York City real estate law firm, Kossoff PLLC (the "Debtor"). He brings this consolidated appeal from three district court rulings. First, the district court entered a December 2, 2021 order (the "Stay Order") denying an emergency stay of a November 22, 2021 bankruptcy court order (the "Contempt Order") holding Kossoff in contempt and imposing a coercive sanction of incarceration for Kossoff's noncompliance with his discovery obligations as the designated Debtor representative in underlying Chapter 7 proceedings. Several weeks later, the district court entered two additional orders of which Kossoff seeks review: one dismissing *sua sponte* as moot Kossoff's district court appeal of the November 22, 2021 bankruptcy court order (the "Mootness Order") and another denying his motion for reconsideration of the *sua sponte* dismissal for mootness (the "Reconsideration Order").

On appeal before us, Kossoff's opening brief curiously does not address the merits of the Mootness Order or the Reconsideration Order. Rather, he appears to attack the merits of the Contempt Order, the underlying November 22, 2021 bankruptcy court order holding him in civil contempt and imposing incarceration. Specifically, he argues that the bankruptcy court erred in designating him the Debtor representative and that he is entitled to personal Fifth Amendment privilege protection in the Chapter 7 case because his relationship to the Debtor is akin to a sole proprietorship. He also argues that the district court was wrong to deny his appeal of the November 22, 2021 bankruptcy court order more generally in the Stay Order. His reply brief

largely reiterates these arguments and, for the first time, rebuts the Mootness Order and Reconsideration Order—the district court's orders dismissing his appeal of the Contempt Order for mootness. Appellee Albert Togut, Chapter 7 Interim Trustee ("the Trustee"), contends that the present appeal should be dismissed on various grounds. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision.

On November 22, 2021, in the midst of lengthy Chapter 7 bankruptcy proceedings and an ongoing criminal investigation of Kossoff by the Manhattan District Attorney, the bankruptcy court entered the Contempt Order, holding Kossoff in civil contempt and imposing incarceration as a coercive sanction due to his consistent failure to comply with a series of bankruptcy court orders requiring him to perform his duties as Debtor representative, including preparing and filing bankruptcy schedules and providing a list of creditors to the Trustee. The Contempt Order specifically instructed Kossoff that if he failed to purge his contempt by November 30, 2021, the court might, within two days and "with no further notice or application of any party . . . issue a bench warrant and/or any other appropriate measure to authorize [him] to be arrested as a sanction for his ongoing civil contempt of th[e] Court's orders." Appellant's App'x at 312. Kossoff then appealed the Contempt Order to the district court in two related cases on November 24, 2021, under 28 U.S.C. § 158(a). Seeking to avoid incarceration on the impending November 30 deadline, Kossoff filed an emergency motion with the district court requesting a stay of the Contempt Order, which the district court ultimately denied in the Stay Order. After the district court denied his request for stay relief, Kossoff began cooperating in discovery, providing limited information in connection with the bankruptcy schedules and thereafter appearing for a meeting of creditors at which he provided oral testimony and was allowed to invoke his privilege against

self-incrimination. In the meantime, on or about December 13, 2021, Kossoff pled guilty in New York state court to, among other things, crimes involving the misappropriation of at least $14.5 million from multiple parties, including former clients, that had been deposited in the Debtor's accounts. Later that same month, the district court *sua sponte* entered the Mootness Order, which dismissed the appeal of the Contempt Order as moot "[b]ecause the emergency relief sought by [A]ppellant . . . ha[d] been denied." Special App'x at 1. The district court also denied Kossoff's subsequent motion for reconsideration of the Mootness Order in the Reconsideration Order.

This appeal of the Stay Order, the Mootness Order, and the Reconsideration Order followed. While the appeal was being briefed, Kossoff was sentenced to prison in May 2022 in New York state court for crimes in connection with his guilty plea.

We conduct a plenary review of district court rulings in a bankruptcy case, meaning legal conclusions are reviewed *de novo* and factual findings are examined for clear error. *In re Fogarty*, 39 F.4th 62, 70 (2d Cir. 2022). Accordingly, we review mootness questions *de novo*. *In re TPG Troy, LLC*, 793 F.3d 228, 231 (2d Cir. 2015). We examine motions for reconsideration for abuse of discretion. *Constant v. AMA Cap., LLC*, 66 F.4th 59, 65 (2d Cir. 2023).

**I.  Scope of Appellate Jurisdiction**

As a preliminary matter, we address the scope of appellate jurisdiction in this case. While Kossoff's briefs are not a model of clarity, we construe them as seeking our review of the Stay Order as well as the Mootness Order and the Reconsideration Order. To determine whether we have appellate jurisdiction, "we must determine whether the underlying decision of the bankruptcy court was final or interlocutory," and "[i]f the decision was final, we must then ask whether the district court's disposition independently rendered the matter nonappealable." *Bowers v. Conn. Nat'l Bank*, 847 F.2d 1019, 1022 (2d Cir. 1988) (citing 28 U.S.C. § 158(d) (discussing our

appellate jurisdiction over appeals of bankruptcy court orders heard before the district courts)). The Contempt Order, which is the underlying bankruptcy court decision at issue and the subject of the Stay Order, "completely resolve[d] all of the issues pertaining to a discrete claim [of contempt], including issues as to the proper relief." *In re Prudential Lines*, 59 F.3d 327, 331 (2d Cir. 1995) (quoting *In re Integrated Res., Inc.*, 3 F.3d 49, 53 (2d Cir. 1993)). This is so even though the bankruptcy court order was not styled as a final *judgment* because the same principles apply, as "no separate document is necessary to effect [the] finality" of a final *order*, or the Contempt Order here. *In re The Bennett Funding Grp., Inc.*, 439 F.3d 155, 161, 164 (2d Cir. 2006). In essence, "[o]nce the Bankruptcy Court issued the [Contempt] Order there was simply nothing further to be done in the Bankruptcy Court, and the case was ripe for appeal." *Id.* at 164.

Not only was the Contempt Order final and appealable, but the subsequent Stay Order was as well, because the district court did not take any action that would "independently render[] the matter nonappealable," such as remanding and directing "significant further proceedings" or further factual inquiry in the bankruptcy court. *Bowers*, 847 F.2d at 1022, 1023. Instead, the district court outright denied Kossoff's request to stay the Contempt Order. Rather than face the Contempt Order, and continue his appeal in the district court and eventually in the court of appeals, as he very well could have done, Kossoff elected to begin cooperating with discovery and, not two weeks later, to plead guilty to the state law offenses. In choosing to obey the Contempt Order following the denial of the stay, Kossoff himself made clear that the denial of the emergency stay was sufficient to finally resolve his appeal. Because the Contempt Order was final and fully disposed of a discrete claim of contempt against Kossoff, we conclude that the resulting Stay Order, issued on December 2, 2021, was also final and immediately appealable.

Accordingly, we find that we lack jurisdiction to review the Stay Order, which was final and immediately appealable upon entry on December 2, 2021, because Kossoff's appeal of that ruling before this Court is untimely. The 30-day mandatory time limit to appeal the Stay Order—on or about January 3, 2022—has lapsed. *See* Fed. R. App. P. 4(a)(1)(A). Kossoff did not file his Notices of Appeal with this Court until January 19, 2022, which is well beyond 30 days from the date the district court issued the Stay Order on December 2, 2021. Because we are unable to review the Stay Order, it follows that the merits of the underlying bankruptcy court decision, holding Kossoff in contempt and imposing incarceration for failure to satisfy his discovery obligations as Debtor representative, are off-limits. In other words, we cannot review his arguments challenging the contempt finding, including that producing bankruptcy schedules and a creditor list to Appellee would violate his Fifth Amendment right against self-incrimination. Our jurisdiction, therefore, is limited to the Mootness Order and the Reconsideration Order—both of which Kossoff timely appealed. Although timely appealed, we conclude that those orders are now moot.

## II. **The Appeal Is Now Moot**

Because the district court considered Kossoff's substantive challenges to the Contempt Order when denying his requested relief in the Stay Order, and we lack jurisdiction to review such order, the rest of this appeal is moot. His arguments that the district court erred in entering the Mootness and Reconsideration Orders mirror to a tee his arguments challenging the Stay Order. Under Article III, federal courts must only adjudicate "live controversies," meaning we must "not . . . give opinions upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before [us]." *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993). Accordingly, an appeal should be dismissed as moot "when,

during the pendency of an appeal, events occur that would prevent the appellate court from fashioning effective relief" or "when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable." *Id.* (citations omitted).

Kossoff claims on reply that his appeal is not moot because he might be charged by other prosecutorial agencies, and the Trustee may use documents and information that he has produced in the Chapter 7 case to incriminate him. But federal policy generally prohibits prosecuting an individual already prosecuted under state law, *see, e.g.*, *Rinaldi v. United States*, 434 U.S. 22, 24–25 (1977) (describing the "*Petite*" policy), and Kossoff does not raise more than a "remote and speculative possibilit[y]" that his testimony might result in his prosecution for a federal crime different from the state crimes with which he was charged, *Zicarelli v. N.J. State Comm'n of Investigation*, 406 U.S. 472, 478 (1972). Should the prosecution that Kossoff fears ever materialize, he will be free to move *in limine* for the exclusion of any evidence he believes was collected in violation of his Fifth Amendment rights. We decline to consider now an argument based solely on speculation. *See United States v. Edgerton*, 734 F.2d 913, 921 (2d Cir. 1984) ("The potential for self-incrimination must be a real danger, rather than merely an imagined or hypothetical one." (internal quotation marks and citations omitted)).

We have considered Kossoff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk